Filed 4/10/13  Ralphs Grocery Co. v. U. Food and Commercial Workers Union CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RALPHS GROCERY COMPANY,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 8,<br><br>Defendant and Respondent. | F058716<br><br>(Super. Ct. No. 09CECG00349)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Donald R. Franson, Jr., Judge.

Morrison & Foerster, Miriam A. Vogel, Timothy F. Ryan, and Tritia M. Murata for Plaintiff and Appellant.

Littler Mendelson, William J. Emanuel, Natalie Rainforth for Employers Group, California Grocers Association, and California Hospital Association as Amici Curiae on behalf of Plaintiff and Appellant.

Davis, Cowell & Bowe, Elizabeth A. Lawrence, Andrew J. Kahn, Sarah Grossman-Swenson, and Paul L. More for Defendant and Respondent.

Edmund G. Brown, Jr., Attorney General, Manuel M. Medeiros, Solicitor General, J. Matthew Rodriguez, Chief Assistant Attorney General, Louis Verdugo, Jr., Assistant

Attorney General, Angela Sierra and Antonette Benita Cordero, Deputy Attorneys General, for Attorney General Edmund G. Brown, Jr., as Amicus Curiae on behalf of Defendant and Respondent.

Altshuler Berzon, Stephen P. Berzon, Scott A. Kronland, and P. Casey Pitts for Service Employees International Union as Amicus Curiae on behalf of Defendant and Respondent.

-ooOoo-

This is an appeal from an order denying appellant's request for a preliminary injunction. An order denying a preliminary injunction is appealable. (Code Civ. Proc., § 904.1, subd. (a)(6); see *Right Site Coalition v. Los Angeles Unified School Dist.* (2008) 160 Cal.App.4th 336, 338, fn. 1.) Appellant, plaintiff Ralphs Grocery Company, contends two California laws protecting labor picketing violate constitutional protections of free speech.

## HISTORY

Appellant operates a large grocery store in Fresno under the name Foods Co. The store is in a commercial shopping center and the store entrance is separated from the center's parking lot by a narrow sidewalk. The employees of the Fresno Foods Co store are not employed under a union contract.

Beginning in October 2008, non-employee representatives of respondent, defendant United Food and Commercial Workers Union Local 8, began an informational picket line in front of the Foods Co store. Although the record is not fully developed on this point, it appears the picketing involved carrying placards, distributing leaflets, and attempting to engage Foods Co shoppers in conversations to inform them that Foods Co workers did not receive the benefits they would under a union contract. In addition, there were allegations of confrontations between picketers and store employees and of occasional aggressive efforts by picketers to give handbills to customers who were not willing to receive them.

2.

Alleging that the picketers refused to obey the rules appellant had established for presence on the property, and alleging that the police department was unwilling to remove the picketers from the property, appellant filed a complaint in February 2009 for declaratory and injunctive relief and for damages arising from respondent's picketers' continued presence. Appellant sought a preliminary injunction to prevent respondent from "directly or indirectly using Foods Co private property for any expressive activity at a time or place or in a manner prohibited by Foods Co's Rules." After submission of declarations and other evidence in support of and in opposition to the motion, and after hearing on the motion, the trial court concluded that two statutes, Code of Civil Procedure section 527.3 (the Moscone Act) and Labor Code section 1138.1 (section 1138.1), precluded it from issuing a preliminary injunction. Appellant filed a timely notice of appeal.

In an earlier majority opinion filed in this appeal, we reversed.[1] (See *Ralphs Grocery Company v. United Food & Commercial Workers Union Local 8* (Jan. 27, 2011) F058716 [we will refer to this opinion in the format "Slip opn. at p. __"].) Thereafter, the Supreme Court granted appellant's petition for review and held the matter pending disposition in a similar case arising from the Third Appellate District, *Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8,* review granted September 29, 2010, S185544. On December 27, 2012, our Supreme Court issued its decision in *Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8* (2012) 55 Cal.4th 1083 (*Ralphs*). Subsequently the Supreme Court transferred the present case to this court with directions to vacate our previous decision and to reconsider the cause in light of its decision in *Ralphs*. We now vacate our earlier opinion and, the cause having been submitted pursuant to California Rules of Court, rule 8.256(d)(2), we issue this opinion.

---

[1] Justice Wiseman filed a dissenting opinion.

# DISCUSSION

Section 527.3 of the Code of Civil Procedure, enacted in 1975 and known as the Moscone Act, limits the equity jurisdiction of California courts in cases involving a "labor dispute." (See *Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters* (1979) 25 Cal.3d 317, 322-323 (*Sears*).) The prohibition on injunctions applies to, inter alia, picketing and otherwise giving publicity to the existence of a labor dispute. (Code Civ. Proc., § 527.3, subd. (b).) The Moscone Act declares that the described labor activity "shall be legal, and no court … shall have jurisdiction to issue any restraining order or … injunction" prohibiting such activity. (*Ibid.*)

Labor Code section 1138.1, subdivision (a), enacted in 1999, provides, in part: "No court of this state shall have authority to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, except after hearing the testimony of witnesses in open court, with opportunity for cross-examination, in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered …." The statute also contains other procedural requirements and substantive prerequisites for any such injunction.

Neither statute limits its protection to activity based on where the activity occurs. The protection applies whether the labor activity occurs on public or private property.

Our previous majority opinion was based on two premises: that the two statutes, which we concluded were "not an incidental part of a broader scheme of regulation of labor relations," (slip opn. at p. 8) discriminated between speech concerning labor disputes and speech addressing all other content (*id.* at pp. 8-9); and that, because the statutes discriminated based on the content of the speech involved, the distinctions made by the statutes were subject to strict scrutiny (*id.* at p. 9).

In *Ralphs*, the Supreme Court held that the Moscone Act and section 1138.1 were "components of a state statutory system for regulating labor relations," and that neither statute restricted or abridged speech. (*Ralphs, supra,* 55 Cal.4th at pp. 1088, 1100, 1101,

4.

1102.) The court found the statutes did not discriminate based on content because invalidating them "would not remove any restrictions on speech or enhance any opportunities for peaceful picketing or protest …." (*Id*. at p. 1101.) Further, after reviewing prior California cases interpreting the Moscone Act, and federal labor law and First Amendment cases (*Ralphs, supra,* 55 Cal.4th at pp. 1095-1103), the court concluded "it is well settled that statutory law—state and federal—may single out labor-related speech for particular protection or regulation, in the context of a statutory system of economic regulation of labor relations, without violating the federal Constitution." (*Id*. at p. 1103.) The court then reviewed the government's interest in labor relations and in removing judicial intervention. (*Ibid*.) The Supreme Court concluded: "These legislative judgments provide a sufficient justification for the provisions of California's Moscone Act and section 1138.1 that single out labor-related speech for special protection from unwarranted judicial interference." (*Id*. at p. 1104.) Neither statute was found to violate "the federal Constitution's general prohibition on content-based speech regulation." (*Ibid*.) Thus, to the extent the two acts distinguish between labor related speech and all other speech, that distinction must be analyzed under the rational basis test applicable to economic regulation, not under the strict scrutiny test applied to content-based discrimination, and the acts meet the rational basis test. (See *id*. at p. 1102.)

As both the majority opinion in *Ralphs, supra,* 55 Cal.4th at pages 1094 and 1097, and Justice Liu's concurring opinion (*id*. at p. 1113) point out, the Moscone Act and section 1138.1 permit and protect peaceful picketing. As we noted in our previous opinion, the record contains allegations, so far unproven, that the union pickets were aggressive in some instances, both with Food Co's employees and its patrons. (Slip opn. at p. 3 & fn. 1.) The present appeal was not from a final judgment after trial in this case, but from an order denying a preliminary injunction. As a result, the matter is still pending in the trial court. Our affirmance of the order denying a preliminary injunction does not preclude further proceedings, including amendment of the complaint and other

efforts by appellant to comply with section 1138.1, and of the parties to bring the matter to trial in accordance with the standards established in section 1138.1. To that end, we will remand the matter to the trial court for further proceedings.

## DISPOSTION

The order denying a preliminary injunction is affirmed. The matter is remanded to the trial court for further proceedings not inconsistent with this opinion. Respondent is awarded costs on appeal.

_____
DETJEN, J.

WE CONCUR:

_____
WISEMAN, Acting P.J.

_____
KANE, J.

6.